# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FREDERICK-OMOYUMA SILVER,

    Plaintiff(s),

v.

CLARK COUNTY CHILD SUPPORT DIVISION,

    Defendant(s).

Case No.: 2:19-cv-01414-RFB-NJK

**ORDER**

(Docket Nos. 1, 1-1)

Pursuant to 28 U.S.C. § 1915 Plaintiff is proceeding in this action *pro se* and has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket No. 1. Plaintiff also submitted a complaint. Docket No. 1-1.

**I.**     *In Forma Pauperis* **Application**

Plaintiff has submitted the affidavit required by § 1915(a). Docket No. 1. Plaintiff has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Clerk's Office is **INSTRUCTED** to file the complaint on the docket. The Court will now review Plaintiff's complaint.

**II.**     **Screening the Complaint**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint pursuant to § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the

complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Plaintiff alleges that he incurred a financial obligation primarily for personal, family, or household purposes. Docket No. 1-1 at 3. Plaintiff further alleges that his financial obligation went into collection and that Defendant called him for payment, even though he had told Defendant to stop calling him. *Id.* Plaintiff alleges that Defendant told him that criminal charges could be filed against him in regard to his financial obligation. *Id.* Plaintiff further alleges that Defendant sent a notice of intent to suspend his driver's license, an income withholding order for his financial obligation to his former employer, and letters threatening to put him in prison for failing to pay his financial obligation, and left a voicemail on his phone without stating that it is a debt collector. *Id.* at 4. Plaintiff submits that these allegations give rise to claims under the Fair Debt Collection Practices Act (FDCPA) and 18 U.S.C. §§ 1341 and 1342. *Id.* at 5.

### 1. The FDCPA

The FDCPA aims to protect consumers from abusive, unfair, and deceptive debt collection practices. *See* 15 U.S.C. § 1692; *Gonzales v. Arrow Fin. Services, LLC*, 660 F.3d 1055, 1060 (9th Cir. 2011). The FDCPA defines "debt" as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C § 1692a(5). Thus, the FDCPA does not apply to all debts. Plaintiff appears to be attempting to use his child support arrearages to obtain FDCPA protection. However, child support obligations do not constitute "debts" under the FDCPA. *See Turner v. Cook,* 362 F.3d 1219, 1227 (9th Cir. 2004) (citing *Mabe v. G.C. Servs. Ltd. P'ship*, 32 F.3d 86, 88 (4th Cir. 1994)). Plaintiff therefore fails to state a claim under the FDCPA. If Plaintiff seeks to use financial obligations other than child support arrearages as the basis for his FDCPA claim, he must make specific allegations, setting out with sufficient detail the financial obligation. *See Iqbal*, 556 U.S. at 679 (holding that mere recitals of elements of a cause of action, supported only by conclusory allegations, do not suffice).

### 2. 18 U.S.C. §§ 1341 and 1342

Sections 1341 and 1342 are criminal statutes and do not create liability in a civil case. *See Foley v. Morrone*, 2014 WL 4275530, at *4 (D. Nev. 2014). As this is a civil case, Plaintiff fails to state a claim pursuant to either provision.

## III. Conclusion

For the reasons stated above, the complaint is **DISMISSED**.[1] Although it appears unlikely that Plaintiff can overcome the above deficiencies, the Court will permit him the opportunity to amend the complaint if he believes he can do so. Accordingly, **IT IS ORDERED** that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. Plaintiff will not have to pay the filing fee of four hundred dollars ($400.00). Plaintiff may maintain this

---

[1] Given the deficiencies outlined herein, the Court need not opine on whether other deficiencies exist that may also prevent Plaintiff from pursuing his claims through this case.

action to conclusion without the need for prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

2. The Clerk's Office is **INSTRUCTED** to file Plaintiff's complaint on the docket.

3. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **December 16, 2019**, to file an amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original complaint) to make the amended complaint complete. This is because, generally, an amended complaint supersedes the original complaint. Local Rule 15-1(a) requires that an amended complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

4. **Failure to comply with this order will result in the recommended dismissal of this case.**

IT IS SO ORDERED.

Dated: November 14, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

4